JOHN A. ROEBLING'S CORP., APPELLANT-RESPONDENT, v. ANDREW BODROG, JR., RUTH E. KERECMAN, AND THE BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, NEW JERSEY DEPARTMENT OF LABOR AND INDUSTRY, RESPONDENTS-APPELLANTS.

Argued May 6, 1957—Decided June 24, 1957.

*Mr. Clarence F. McGovern* argued the cause for the appellant Board of Review.

The opinion of the court was delivered by

JACOBS, J.   The Appellate Division reversed decisions of the Board of Review which found that the claimant Andrew Bodrog, Jr., was "eligible" and that the claimant Ruth E. Kerecman was "not ineligible" for unemployment benefits during a vacation shutdown of the John A. Roebling's Corp. plants.   We granted certification under *R. R.* 1:10–2.

The John A. Roebling's Corp. had collective bargaining agreements which provided for paid vacations for employees with sufficient seniority and permitted the company to stagger vacations or concentrate them during temporary shutdowns. The company's general practice was to shut down its plants except for a few scattered sections and maintenance crews. When the claimant Andrew Bodrog was employed on March 20, 1955 he joined a union which had a collective bargaining

agreement with Roebling's. When the claimant Ruth E. Kerecman was employed on June 20, 1955 she did not become a union member and apparently she was not eligible for union membership. Following the posting of an appropriate notice, the Roebling plants were shut down for the period from July 4 to July 17, 1955 inclusive. Neither Mr. Bodrog nor Miss Kerecman had sufficient seniority for a paid vacation during the shutdown. Mr. Bodrog testified that he was out of work during the entire shutdown period and that his request to be permitted to work in a section which had not shut down was refused by his supervisor. He also testified that he was ready, willing and able to work and that he unsuccessfully tried to find work elsewhere. When Miss Kerecman accepted employment at Roebling's she admittedly knew that there would be a shutdown period. Both Mr. Bodrog and Miss Kerecman resumed their work at Roebling's as soon as the shutdown period ended.

The Board of Review found that Mr. Bodrog was ready, willing and able to work, had satisfied the statutory requirements and was "eligible for benefits from July 4 through July 17, 1955, subject to a waiting week and deduction of earnings." It expressed the view that the employees who were not entitled to vacation with pay were unemployed because the employer had "elected to designate a slack period as a 'vacation period' for eligible employees" and that "the basic reason for the shutdown was lack of work." In the Kerecman matter the Board determined that she was "not ineligible for benefits by reason of the vacation shutdown" and remanded the proceeding "to the Agency for determination with respect to the claimant's compliance with statutory requirements." On the employer's appeal, the Appellate Division reversed the Board's decisions in both the Bodrog and Kerecman matters; it found no basis in the record for the Board's view that the employer had designated a slack period as a vacation period for eligible employees and that the basic reason for the shutdown was lack of work; and it concluded that *Glover v. Simmons Co.*, 17 N. J. 313 (1955) was controlling.

The Bodrog and Kerecman claims are governed by the principles and holdings in *Teichler v. Curtiss-Wright Corporation,* 24 *N. J.* 585 (1957) and *Watson v. United States Rubber Company,* 24 *N. J.* 598 (1957). Those decisions clearly require that the Appellate Division's judgments in the instant matter be set aside.

Reversed.

*For reversal*—Justices WACHENFELD, BURLING, JACOBS and WEINTRAUB—4.

*For affirmance*—Justices HEHER and OLIPHANT—2.